24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Antonio Garfield BLACK, Plaintiff-Appellant,
v.
UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF
CALIFORNIA, Deputy Clerk G. Miyasato, Jennifer
Mcmains, Jury Administrator and JACK
WAGNER, Clerk, Defendants-Appellees.
 No. 93-16440.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided April 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Garfield Black appeals pro se the district court's sua sponte dismissal under 28 U.S.C. Sec. 1915(d) of Black's civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate the district court's order dismissing this action and remand for further proceedings.[1]
 
 
 3
 Black contends that the district court erred by dismissing his civil rights complaint as frivolous. In his complaint, Black alleged that he wrote to the district court in an attempt to obtain copies of various documents filed in another district court action, including the grand jury minutes. Black alleged that the district court's failure to provide him with the requested documents violated his civil rights.
 
 
 4
 Under section 1915(d), the district court may dismiss an in forma pauperis action as frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous when "it lacks an arguable basis in law or fact." Id. at 325.
 
 
 5
 The district court found that Black's action is barred by judicial immunity and absolute quasi-judicial immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Judicial acts are those in which a judge is "perform[ing] the function of resolving disputes between parties, or of authoritatively adjudicating private rights." Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2171 (1993) (citation and internal quotation marks omitted). "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges--that is, because they, too, exercise a discretionary judgment as part of their function." Id. (citation and internal quotation marks omitted). Judicial immunity does not, however, extend to acts which are purely ministerial or administrative in nature, even if performed by a judge or integral to the judicial process. Id. at 2171-72 (holding that court reporters are not entitled to absolute judicial immunity); Forrester v. White, 484 U.S. 219, 229-230 (1988) (holding that judicial immunity does not apply to administrative acts such as "supervising court employees and overseeing the efficient operations of a court").
 
 
 6
 In light of the Supreme Court's recent decision in Antoine, we cannot say that it is clear that judicial immunity bars Black's claims against the district court and clerks for failure to provide Black with access to court documents. See Antoine, 113 S.Ct. at 2172. Thus, Black's complaint may have an arguable basis in law. See Neitzke, 490 U.S. at 325. Accordingly, we vacate the district court's order dismissing this action, and remand for the issuance and service of process.[2]
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On March 11, 1994, this court ordered pro bono counsel appointed to represent Black. Because Black objects to the appointment of counsel, the March 11, 1994 order is vacated
 
 
 [2]
 Because we vacate and remand for the issuance and service of process, we do not reach Black's contentions that he had a right to these documents under the First Amendment, Freedom of Information Act, or the Uniform Commercial Code